IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00033-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| Antonio Carnell White, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Antonio Carnell White's *pro se* motion for compassionate release and reduction in sentence and home confinement under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, and a recommendation to the Bureau of Prisons for placement in a residential re-entry center under the Second Chance Act of 2007 which was reauthorized by Section 603 of the First Step Act of 2018. (Doc. No. 24). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

### I. BACKGROUND

In 2019, Defendant pled guilty to possession of a firearm by a prohibited felon. (Doc. No. 10). He was sentenced to 120 months plus ten years of supervised release. (Doc. No. 21).

Defendant is a 30-year-old male confined at FCI Williamsburg, a medium-security federal corrections institution in South Carolina, with a projected release date of February 28, 2027. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. §

3582(c)(1)(A). He claims he suffers from severe fear of contracting the COVID-19 virus. According to his Presentence Report, he describes his physical health as good and states he is not under the care of a physician nor prescribed any medication. (Doc. No. 18, ¶ 81). The Defendant did not attach any medical records to his motion.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where

pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he claims to have petitioned the warden for compassionate release, he does not attach a copy of the request or a copy of any denial. Thus, Defendant has not exhausted his administrative remedies as required under the statue because 30 days have not lapsed since he submitted a request to the warden and he has not exhausted any appeal of a denial by the BOP to bring a motion on his behalf.

According to the BOP's website, FCI Williamsburg has 1 inmate test positive with 4 staff testing positive and no deaths. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few positive tests of COVID-19 cases at FCI Williamsburg, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Williamsburg are not enough for this Court to excuse the exhaustion

requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Williamsburg. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III. CARES ACT

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle,* 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

### IV. RESIDENTIAL RE-ENTRY CENTER

The Defendant also requested a transition to a halfway house. It is the responsibility of the Attorney General, through the Bureau of Prisons, to designate the place of incarceration, *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP), which is reflected in the language of the statute that "[t]he Attorney General, in coordination with the Director of the Bureau of Prisons, shall,…, conduct the following activities to establish a Federal prisoner reentry initiative." 34 U.S.C. § 60541(a).

The Court hereby declines to make such a recommendation because Defendant's current sentence and conditions of custody are sufficient but not greater than necessary to accomplish the

goals of sentencing. Furthermore, at this stage in Defendant's sentence, the custodial authorities are more informed and qualified to make such decisions regarding conditions of custody.

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release and reduction in sentence, home confinement and recommendation for placement in a residential re-entry center, (Doc. No. 24), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 17, 2020

Kenneth D. Bell
United States District Judge